Mr. Justice Thacher
delivered the opinion of the court.
This was a bill to foreclose a mortgage. Livingston made his three promissory notes, each for $ ..333.33|, payable at different periods to Forney. Before the maturity of the first note, Forney assigned it to the appellees, and at the same time executed ^an instrument in which he empowered the appellee to use the mortgage, by which the payment of the note was secured, to aid him in the collection thereof. This instrument was not recorded, nor does it appear that the appellants had notice of it. Also, before the maturity of the first note, Forney assigned two other notes, likewise secured by the same mortgage, to the appellants. The bill shows that the appellants obtained the notes assigned to them upon good and su cient consideration. The appellee below claimed a priority of payment from the proceeds of the sale of the mortgaged premises, and the appellants claimed a ratable division. 'J'lie cause did not come up for hearing below until such a time as all the notes had matured. The court below decreed, appropriating the proceeds of the sale to the payment of the note first falling due until satisfied.
The assignment of a note secured by a mortgage carries the mortgage with it as an incident of the note, and subrogates the assignee to all the rights of the mortgagee. There is nothing in the special assignment that accompanied the first note which gives that note any preference over its fellows in the mortgage, it merely does in effect what would result by operation of law upon the assignment of the note. Indeed, it is questionable *634 whether the mortgagee could change or modify the effect of the mortgage and exclude the security from the two last notes. The holders of the three notes stood therefore upon an equal footing, being entitled to share in the division of the proceeds of the sale ratably, and so the court below should have decreed. Parker v. Mercer, 6 How. 320; 5 S. & M. 410.
Decree reversed, and a decree directed to be entered up here in accordance herewith.